**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gerardo Morales ALEJO, Defendant—
Appellant.**

**No. 04–30374.**

**D.C. No. CR–99–00167–REJ.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 2005.*

Decided April 11, 2005.

Thomas H. Edmonds, USPO—Office of the U.S. Attorney, Mark O. Hatfield, U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Kendra Matthews, Ransom & Blackmon, LLP, Portland, OR, for Defendant–Appellant.

Before HUG, McKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM[**]

Gerardo Morales Alejo appeals the district court's denial of his motion for acquittal on the second of two counts stemming from the robbery of a Wells Fargo bank in Portland, Oregon.[1] Alejo contends that the evidence was insufficient to support his conviction, under 18 U.S.C. § 924(c)(1)(A), for having knowingly and intentionally aided and abetted the use of a firearm in connection with the robbery. We agree and reverse the conviction on this count.

We review the trial court's denial of Alejo's motion *de novo*. *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir.2004). Examining the ruling in the light most favorable to the government, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* Although circumstantial evidence may be used to prove any fact, "mere suspicion or speculation" is insufficient to establish an essential element. *See United States v. Dinkane*, 17 F.3d 1192, 1196 (9th Cir. 1994).

To be guilty of aiding and abetting the use of the firearm, Alejo must have "directly facilitated or encouraged" the use. *United States v. Nelson*, 137 F.3d 1094,

1103 (9th Cir.1998); *see also United States v. Bancalari*, 110 F.3d 1425, 1429–30 (9th Cir.1997) (quoting *United States v. Medina*, 32 F.3d 40, 45 (2d Cir.1994)). Although foreknowledge that a weapon would be used in the robbery may be relevant, it is insufficient on its own to sustain a conviction. *Nelson*, 137 F.3d at 1103. Rather, the government must prove a specific intent to aid the firearms crime as well as some act that facilitates or encourages that crime. *Id.* at 1103–04.

The evidence presented at trial, viewed in the light most favorable to the government, was insufficient to show that Alejo committed any act facilitating or encouraging the use of firearms in the robbery. Alejo knew guns would be used in the robbery. He also introduced Robert Boyd to the group of robbers, monitored a police scanner during the robbery, and notified April Castro that police had discovered the robbery and were looking for the getaway van. While this evidence certainly supports an inference of specific intent to aid the bank robbery itself, it does not support a finding that Alejo specifically facilitated or encouraged the use of firearms. There was no evidence that Alejo participated in planning meetings where firearms were discussed, that he introduced Boyd to the group in order to provide another gunman, or that he talked about firearms during any phone conversation before or during the robbery. No rational trier of fact could have convicted Alejo on this evidence.

The cases cited by the government are clearly distinguishable. The defendant in *United States v. Woods*, 148 F.3d 843 (7th Cir.1998), actively participated in planning

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and the rather unique procedural posture of this case, we will discuss the relevant facts only as necessary to explain our decision.

the robbery (including the use of the firearm), reminded his co-defendant to bring a gun, drove his armed co-defendant to the bank, and arranged a second getaway car specifically for the gun and the money so that he and the robbers could flee in a separate vehicle. *Id.* at 847, 848. Alejo, in contrast, did nothing even remotely similar to facilitate or encourage the use of a firearm in the robbery.

Nor is the government's analogy to *United States v. Morrow*, 977 F.2d 222 (6th Cir.1992), persuasive. The defendant in *Morrow* relied for personal protection on (and thereby was a "potential beneficiary" of) the firearm carried by his co-defendant. *Id.* at 231. We decline to extend this "beneficiary" theory to Alejo simply because he stood to gain financially from the underlying robbery. Because nearly every criminal presumably intends to benefit from his or her activities, such a holding would all but obliterate the important distinction in our cases between aiding and abetting the underlying crime and facilitating or encouraging the use of a firearm in connection with that crime.

Finally, the government relies on a suggestion in *Medina* that an unarmed person present during the commission of a crime may, "by the division of labor," make it easier for another participant to carry a firearm. 32 F.3d at 47. Again, this exception would very nearly swallow the rule; virtually every participant in a crime can be said to assist in the "division of labor." Our circuit's law clearly requires more. *See, e.g., Nelson,* 137 F.3d at 1104 (finding evidence insufficient to support conviction of unarmed defendant who, despite being present during the planning and commission of an armed robbery of a jewelry store, did not "counsel or encourage the

use of the gun in particular" and "took no action at the scene of the crime that encouraged or facilitated" firearm use). Acceptance of the government's arguments here would create a clear conflict with controlling circuit law.

Accordingly, we find the evidence insufficient to support Alejo's conviction on the second count in the indictment.

REVERSED and REMANDED.